IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICHARD HERSHEY                                    CIVIL ACTION NO. 5:21-CV-00460

VERSUS                                             JUDGE TERRY A. DOUGHTY

CITY OF BOSSIER CITY                               MAGISTRATE MARK L. HORNSBY

---

**MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

Before this Court is a Motion to Dismiss filed on behalf of David Smith, Tyshon Harvey

and Eugene Tucker seeking dismissal of the claims asserted against them on the grounds that

Plaintiff failed to plead a valid cause of action against Defendants under 42 U.S.C. § 1983 on the

basis these individuals are private citizens to which 42 U.S.C § 1983 does not apply.

**I.      Background**

On February 28, 2020, Plaintiff Richard Hershey was at the then CenturyLink Center which

was holding the Winter Jam concert, a Christian music concert, and one of the largest events at the

arena.[1]   Mr. Hershey was allegedly on a sidewalk distributing information on behalf of the

Christian Vegetarian Association.[2]   Mr. Hershey was being compensated for his services.[3]

Plaintiff claimed that while he was distributing his pamphlets, he was approached by Deputy

Marshal Bobby Gilbert who made unwanted physical contact with him.[4]   When Mr. Hershey

turned around, he saw Marshal Gilbert, Officer Darrell Stoll and Mr. Tyshon Harvey.[5]   Plaintiff

---

[1] See Plaintiff's First Amended Complaint [Doc 17], pars. 24.
[2] See Plaintiff's First Amended Complaint [Doc 17], pars. 14-15.
[3] See Plaintiff's First Amended Complaint [Doc 17], pars. 17.
[4] See Plaintiff's First Amended Complaint [Doc 17], pars. 29
[5] See Plaintiff's First Amended Complaint [Doc 17], pars. 30.

claimed that Marshal Gilbert waived a pair of handcuffs at him.[6]  Officer Stoll advised Mr. Hershey that he had previously been requested to leave the premises, which Plaintiff denied.[7]  Marshal Gilbert allegedly threatened to take Plaintiff to jail.[8]  Marshal Gilbert told Plaintiff he was on private property and needed to leave.[9]  Fearing arrest, Mr. Hershey decided to leave.[10]  Plaintiff then claimed Mr. Smith and Mr. Tucker arrived at the scene.[11]  While he was leaving the premises, Mr. Hershey allegedly inquired about why others on the premises could distribute literature.[12]  Mr. Hershey was allegedly informed by Mr. Harvey that his literature had not been approved by CenturyLink Center and had to be approved in advance of distribution.[13]  Mr. Harvey had no information about the other literature Mr. Hershey was referring but advised that the literature Mr. Hershey was distributing had not been approved.[14]  Mr. Hershey thereafter left the premises.

On February 25, 2021, Plaintiff filed the above captioned matter against the City of Bossier City, Deputy Marshal Bobby Gilbert, and John Doe under several theories under 42 U.S.C. § 1983 including seeking declaratory judgment and injunctive relief, damages against Marshal Gilbert in his individual capacity, a *Monell* claim, and a failure to train claim.[15]  Thereafter, on May 20, 2021, Plaintiff amended his Complaint to name as additional Defendants Officer Daniel Stoll allegedly employed by the City of Bossier City and security guards David Smith, Tyshon Harvey, and Eugene Tucker in their individual capacities and private citizens employed by ASM Global, a private company (hereinafter referred to as the "ASM Defendants").[16]  As noted in Exhibit 1

---

[6] See Plaintiff's First Amended Complaint [Doc 17], pars. 31.
[7] See Plaintiff's First Amended Complaint [Doc 17], pars. 32-33.
[8] See Plaintiff's First Amended Complaint [Doc 17], pars. 34.
[9] See Plaintiff's First Amended Complaint [Doc 17], pars. 35-37.
[10] See Plaintiff's First Amended Complaint [Doc 17], pars. 38.
[11] See Plaintiff's First Amended Complaint [Doc 17], pars. 40.
[12] See Plaintiff's First Amended Complaint [Doc 17], pars. 44.
[13] See Plaintiff's First Amended Complaint [Doc 17], pars. 45.
[14] See Plaintiff's First Amended Complaint [Doc 17], pars. 47.
[15] See Plaintiff's Complaint [Doc 1].
[16] See Plaintiff's First Amended Complaint [Doc 17].

attached to the Complaints, the CenturyLink Center is managed by ASM Global, a private management company.[17]   Plaintiff alleged the ASM Defendants were "acting under color of Louisiana state law as security officer of the CenturyLink Center and at all times relevant herein was a willing participant in joint action with State actors."[18]   Plaintiff's allegations against Mr. Smith and Mr. Tucker were that they were present during Mr. Hershey's ejectment from the area and acting jointly with the other Defendants to use their command presence to assist with the removal of Mr. Hershey.[19]   The allegation against Mr. Harvey was that he informed Mr. Hershey that his literature had not been approved by the CenturyLink Center.

## II.     Law and Argument

To survive a Rule 12(b)(6) Motion to Dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face."[20]   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]   A court must accept all well-pled facts as true and must draw all reasonable inferences in favor of the plaintiff.[22]   But the court is not bound to accept as true legal conclusions couched as factual allegations.[23]

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true.[24]   It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[25]   In other words, the face of the complaint must contain enough factual matter to raise a reasonable

---

[17] See Exhibit 1 to Plaintiff's Complaint [Doc. 1-1].
[18] See Plaintiff's First Amended Complaint [Doc 17], pars. 8-10.
[19] See Plaintiff's First Amended Complaint [Doc 17], pars. 48.
[20] *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[21] *Id*. at 678.
[22] *Lormand v. U.S. Unwired, Inc.*, 565 F. 3d 228, 239 (5th Cir. 2009).
[23] *Ashcroft,* 556 U.S. at 678.
[24] *Id*.
[25] *Bell Atlantic*, 550 U.S. at 555.

expectation that discovery will reveal evidence of each element of the plaintiff's claim.[26]  If there are insufficient factual allegations to raise a right to relief above the speculative level,[27] or if it is apparent from the face of the complaint that there is an insuperable bar to relief,[28] the claim must be dismissed.

**III.**     **Plaintiff Does Not Have a Valid Cause of Action Under 42 U.S.C. § 1983**

A plaintiff has a cause of action for the violation of their constitutional rights by the State pursuant to 42 U.S.C. § 1983 as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

In order to have a valid cause of action under §1983, a plaintiff must establish "(1) a person deprived him of a federal right; and (2) the person acted under color of state law."[29]  The prohibition against the deprivation of one's constitutional rights applies to the states and not acts of private persons or entities.[30]  In the case at hand, Plaintiff's Complaint is devoid as to how he could meet either of these elements.

---

[26] *Lormand*, 565 F. 3d at 257.
[27] *Bell Atlantic*, 550 U.S. at 555.
[28] *Jones v. Bock*, 549 U.S. 199, 215 (2007).
[29] *Gomez v. Toledo*, 446 U.S. 635, 640.
[30] *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982).

A.    **ASM Defendants Did Not Deprive Plaintiff of a Federal Right**

Mr. Hershey failed to allege how any of the ASM Defendants violated his constitutional rights.  For example, Plaintiff's allegations against Mr. Smith and Mr. Tucker were that they were private security guards who arrived on the scene after Marshal Gilbert requested he leave and Mr. Hershey complied with his request.  Plaintiff alleged Mr. Smith and Mr. Tucker used their presence to assist with his removal.  Notwithstanding his conclusory allegations that such actions constituted a violation of his constitutional rights, at the time of Mr. Smith and Mr. Tucker's arrival, Mr. Hershey had already made the decision to leave the premises, and according to his Complaint, was in the process of leaving the Center.  As such, any alleged presence of Mr. Smith and Mr. Tucker had no bearing on Mr. Hershey and Plaintiff has not alleged how a private security guard's arrival at a scene while he was leaving the area constituted a violation of his constitutional rights.

Likewise, Plaintiff has also failed to state a valid cause of action against Mr. Harvey. Plaintiff alleged that Mr. Harvey was present at the time Marshal Gilbert requested he leave the premises and that Mr. Harvey advised Mr. Hershey that his literature had not been approved for disbursement.  Mr. Harvey, like Mr. Smith and Mr. Tucker, were working as private security guards for a private company.  Plaintiff has not alleged how any of Mr. Harvey's actions as a private citizen was in violation of his constitutional rights.

As Mr. Hershey failed to properly plead any plausible cause of action under § 1983 against the ASM Defendants, Mr. Hershey's claim warrants dismissal as he failed to allege how his constitutional rights were violated by the ASM Defendants.

**B.    ASM Defendants Were Not Acting Under State Color of Law**

The second element that Mr. Hershey must establish in order to have a valid cause of action under § 1983 is that the Defendants acted under color of state law.  Plaintiff's Complaint only contains the conclusory statement that the ASM Defendants were acting under color of state law.  Such allegation is insufficient to state a valid cause of action.  Plaintiff's Complaint is devoid of any allegations as to how these private citizens are liable to him.  At the time of the alleged deprivation of his constitutional rights, the ASM Defendants were acting on behalf of ASM Global as private security guards for the arena.  As private security guards, these Defendants were charged with ensuring proper ingress and egress into the facility, bag and ticket checks, and to advise of any potential issues that were occurring to patrons or the safety of the facility.  The ASM Defendants did not carry weapons and had no authority to arrest or remove individuals from the arena.  If that type of service was necessary, police officers would be called to handle any such items.  At no point were the duties of any police officer granted to the ASM Defendants.  Consequently and as Plaintiff has not alleged facts sufficient to establish the ASM Defendants were acting under color of state law, Plaintiff's claim warrants dismissal.

While there are scenarios under which a private actor may be held liable as acting under color of state law, these are inapplicable in this case and Plaintiff should not be allowed to amend his Complaint to allege causes of action under these theories as based on the facts pled in this case, Plaintiff does not have a valid cause of action against the ASM Defendants.  A private actor may be held liable under 42 U.S.C. § 1983 under the public function test, the nexus test, coercion test, and joint action test.[31]

---

[31] See *Blum v. Yarestsky*, 457 U.S. 991 (1982) and *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

6

Under the public function test, the court must determine whether the defendants have performed functions or received powers that are traditionally the exclusive prerogative of the state.[32]  Few powers are reserved for the state including running elections, education, and tax collection.[33]  The duties of police officers are generally the function of the state.  Only in rare occasions can a private security guard be found to be performing the function of a police officer.  Liability only attaches when the private security officer is performing law enforcement functions pursuant to state authorization such as carrying a gun, making arrests and detaining and interrogating individuals suspected of committing crimes.[34]

In the present case, the security guards were not performing a public function.  There are neither allegations to that effect nor have any police functions actually been allocated to the ASM Defendants such that any action they performed would be considered under the color of state law.  Consequently, as no valid claim has been alleged or based on the facts in this matter that the ASM Defendants' alleged actions were under color of state law, Plaintiff's claim warrants dismissal.

---

[32] *Jackson v. Metropolitan Edison Company*, 419 U.S. 345, 353 (1974).

[33] *White v. Scrivener Corp.*, 594 F.2d 140, 142 (5th Cir. 1979).

[34] See *Romanski v. Detroit Entm't, L.L.C.,* 428 F.3d 629 (6th Cir.2005) (finding state action where state law gave plenary power to casino security personnel to make arrests and security guard detained, arrested, interrogated and ejected a patron suspected of theft); *Rodriguez v. Smithfield Packing Co., Inc.,* 338 F.3d 348 (4th Cir.2003) (finding state action where private employer's Chief of Security, who was also an auxiliary deputy sheriff, wore a deputy sheriff badge, had a sheriff's department radio and a gun, pepper sprayed, handcuffed, and escorted arrested employees to police cars); *Austin v. Paramount Parks, Inc.,* 195 F.3d 715 (4th Cir.1999) (finding state action where state law authorized "special police officers" employed by an amusement park to carry firearms, make arrests, and perform the same functions as state law enforcement officers, and a special police officer at the park caused two warrants to be issued for a park patron and assisted with his prosecution); *Payton v. Rush–Presbyterian St. Luke's Med. Ctr.,* 184 F.3d 623 (7th Cir.1999) (finding state action where pursuant to a city ordinance appointing and licensing two private hospital security guards as "special police officers," those guards beat, detained and arrested a hospital visitor); *Henderson v. Fisher,* 631 F.2d 1115 (3d Cir.1980) (finding state action where pursuant to state law endowing campus police with the same powers as municipal police force, campus officer arrested defendant and removed exculpatory evidence).

Mr. Hershey likewise does not have a valid cause of action under the nexus test.  Under the nexus test,  a private party can be held to be a state actor when there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the private party may be fairly treated as that of the state itself.[35]  The purpose of the nexus test is to ensure that constitutional standards are invoked only when a court can determine that the state is responsible for the specific conduct.[36]  Actions of a private party satisfy the nexus test only when the government has so far insinuated itself into a position of interdependence with the private party that it was a joint participate in the enterprise.[37]  Again, Plaintiff has made no allegations as to how the ASM Defendants are liable under the nexus test as again they were acting on behalf of a private party, which actions cannot be treated as attributable to the state or fairly treated as that of the state.

As with the other potential causes of action, Mr. Hershey likewise does not have a cause of action under the coercion test.  Under such theory, Plaintiff must establish the state exercised coercion power or has provided significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the state.[38]  As Plaintiff has not even alleged such cause of action, and based upon the facts as alleged, such facts do not provide for a valid cause of action, Mr. Hershey's claim should be dismissed.

With regard to the joint action test, a private actor will be considered a state actor where they are willing participants in joint action with the state or its agents.[39]  Similar to the other

---

[35] *Blum v. Yarestsky,* 457 U.S. 991 (1982).
[36] *Id.*
[37] *Harvey*, 949 F.2d at 1131.
[38] *Blum v. Yarestsky*, 457 U.S. 991 (1982).
[39] *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

potential theories, Plaintiff has failed to allege any facts establishing the joint action test is even applicable in this matter.

The fact that the actions of the ASM Defendants do not constitute state action is demonstrated by *Perez-Morciglio v. Las Vegas Metropolitan Police Department,* 820 F. Supp.2d 1100 (Nevada 2011). In *Perez*, a private security guard working for the Venetian Hotel approached a street performer on a public sidewalk advising that he was not permitted in that area as he was on private property. When the plaintiff did not leave the area, he was eventually brought into a holding area at the Venetian and the police were called. The officers did not arrest him but cited him for trespassing. Plaintiff was advised not to return to the property or stop on the sidewalk in front of the property or he would be arrested. Plaintiff filed suit against several defendants including the Venetian and its employees under § 1983 claiming his First Amendment rights had been violated. The Venetian defendants filed a motion for summary judgment claiming plaintiff could not establish they were acting under color of state law. The court found that the Venetian private security guards were not performing a public function as there was no evidence the state delegated any authority to the Venetian to regulate the public sidewalks which was evidenced by the police not making a subsequent arrest once they arrived at the Venetian. The court further found the nexus or joint action tests were likewise not applicable as the police officers made an independent investigation as to what was occurring, and the conduct exhibited did not constitute joint action.

In the case at hand, Mr. Hershey's complaint does not state a valid cause of action under § 1983 as he failed to establish that any of the ASM Defendants were acting under color of state law. Specifically, the only allegations against the ASM Defendants were that they were "acting under color of Louisiana state law as a security officer of the CenturyLink Center and at all times relevant

9

herein was a willing participant in joint action with state actors," Mr. Smith and Mr. Tucker were present at the scene after Mr. Hershey decided to leave, and Mr. Harvey advised Plaintiff that his materials had not been approved for distribution."[40]  Such conclusory allegations are insufficient to not only state a valid cause of action but also to survive a motion to dismiss under Rule 12.

## IV.    Conclusion

Based on the above, not only did Mr. Hershey fail to state a cause of action against the ASM Defendants for violating his constitutional rights, but he also failed to state how the ASM Defendants were acting under the color of state law.  Without either of these two elements, Plaintiff's claim fails.  This Court should not allow Plaintiff an opportunity to amend his Complaint as same would be futile as based on the facts described by Plaintiff in the Complaint, he does not have a valid cause of action under any theory under which private actors have been held liable as public actors, warranting dismissal of this claim.

Respectfully submitted,

DEGAN, BLANCHARD & NASH

> SIDNEY W. DEGAN, III (#04804)
> 400 Poydras Street, Suite 2600
> New Orleans, Louisiana  70130
> Telephone:  (504) 529-3333
> Fax:  (504) 529-3337
> E-Mail:  sdegan@degan.com

By:    s/Mandy A. Simon
> MANDY A. SIMON (#33373)
> DEGAN, BLANCHARD & NASH
> 600 Jefferson Street, Suite 800
> Lafayette, Louisiana 70501
> Telephone: (337) 345-8628
> Fax: (337) 345-5732
> E-Mail:  msimon@degan.com

*Counsel for David Smith, Tyshon Harvey and Eugene Tucker*

---

[40] See Plaintiff's First Amended Complaint [Doc 17], pars. 8-10.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of August 2021 a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and has been served upon counsel for all parties to this proceeding via electronic filing notification, facsimile and/or first class United States mail, properly addressed, postage prepaid, at the last known address.

s/Mandy A. Simon
_____
MANDY A. SIMON
